IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN COWART,<br>#03085-017, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-0039-BL |
| | ) | |
| R.D. KEYES, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

John Cowart, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking the application of any prior custody credits to which he is entitled. (*See* Docs. 1 & 2). Thereafter, the Respondent filed a Response (Doc. 17), which contends that the § 2241 petition is due to be dismissed as unexhausted and meritless, and the Petitioner filed two documents in reply (Docs. 19 & 20). Upon review of the parties' filings, and for the reasons explained below, the § 2241 petition will be **DENIED** without an evidentiary hearing as moot and otherwise lacking merit, and this case will be **DISMISSED** with prejudice.

## I.    PROCEDURAL BACKGROUND

On July 7, 1993, the United States District Court for the Northern District of Florida sentenced the Petitioner to a term of imprisonment with the Bureau of Prisons ("BOP") in criminal case number 3:93-3009/RV. (Doc. 17-1 at 3). On April

12, 2019, the Petitioner was released from BOP custody to begin a term of supervision. (*Id*.). On August 21, 2020, while on supervised release, the Petitioner was arrested and released by the Opp, Alabama Police Department for state offenses. (*Id*. at 3, 14). On November 4, 2020, the Northern District of Florida transferred jurisdiction of criminal case number 3:93-3009/RV to the Middle District of Alabama, case number 2:21-cr-1 ("Cowart I"). (*Id*. at 3, 20).

On November 6, 2020, the United States Marshals Service arrested the Petitioner for supervised release violations in Cowart I. (*Id*. at 3, 22). Shortly thereafter, while already in federal custody, the Petitioner was arrested on <u>new</u> federal charges in case number 2:21-cr-43 ("Cowart II"). (*Id*. at 3). On March 30, 2021, this Court revoked the Petitioner's supervised release and sentenced him to 14 months of imprisonment in Cowart I. (*Id*. at 3, 27–28). On September 29, 2021, this Court sentenced Petitioner to 87 months of imprisonment in Cowart II. (*Id*. at 3, 30–31). The Court ordered the sentence to run consecutive to the revocation sentence in Cowart I to the extent of four months and otherwise to run concurrent. (*Id*.).

Thereafter, the BOP awarded the Petitioner with prior custody credit for August 21, 2020 (the date he was arrested and released for state offenses) and from November 6, 2020 through March 29, 2021 (the date on which he was arrested for supervised release violations through the date of his sentencing in Cowart I). (Doc.

17-1 at 4, 8, 46).  From March 30, 2021 and onward, the Petitioner began serving his sentence in Cowart I.  (*Id*. at 4, 46).

## II.    DISCUSSION

Setting aside the issue of exhaustion[1], it is clear from the parties' filings that the Petitioner has been awarded all the prior custody credits to which he is entitled. Pursuant to 18 U.S.C. § 3585(b), a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences … that has not been credited against another sentence" (emphasis added).  The Supreme Court has clarified that, when Congress enacted § 3585, it "made clear that a defendant could not receive a double credit for his detention time."  *United States v. Wilson*, 503 U.S. 329, 337 (1992); *see also Castillo v. Fed. Corr. Inst. of Tallahassee*, 163 F. App'x 803, 804 (11th Cir. 2006) ("Pursuant to the clear terms of § 3585(b), a defendant can receive credit for time served only if the specified time period has not been credited against another sentence.").

---

[1] The Petitioner does not dispute that he failed to exhaust his administrative remedies, but he avers that "Officer Hunter, the administrational unit head at FPC Montgomery's R & D Office," told him that he "did not have to exhaust [his] administrative remedies before [he] filed this instant habeas petition with the Court," and he relied on Officer Hunter's instructions.  (Doc. 19-1). Because the § 2241 petition is due to be dismissed for the reasons discussed herein, the Court need not determine whether administrative remedies were sufficiently available to the Petitioner.

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In this case, the Petitioner's sentence in Cowart I commenced on March 30, 2021 (*see* Doc. 17-1 at 3, 27–28), and his sentence in Cowart II commenced on September 29, 2021 (*see id*. at 3, 30–31). As noted above, the Petitioner has already been awarded prior custody credit for August 21, 2020 and from November 6, 2020 through March 29, 2021 (*see id*. at 4, 8, 46), and the Petitioner does not dispute this fact.[2] Thus, to the extent the Petitioner seeks prior custody credit from that period, such request is now moot. *See, e.g., Hand v. Desantis*, 946 F.3d 1272, 1275 (11th Cir. 2020) ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.") (citations omitted).

Moreover, to the extent the Petitioner seeks prior custody credit from March 30, 2021 (the date his sentence commenced in Cowart I) through September 29, 2021 (the date his sentence commenced in Cowart II), he is not entitled to such credit

---

[2] Although the Petitioner takes issue with the fact that he was not awarded such credit until <u>after</u> he filed the instant § 2241 petition, he nevertheless admits that he was in fact awarded such credit. (*See* Docs. 20 & 20-1).

because that period of time was credited towards his sentence in Cowart I (*see* Doc. 17-1 at 4, 46), and legal precedence makes clear that the Petitioner cannot receive "double credit for his detention time." *See Wilson*, 503 U.S. at 337; *see also* 18 U.S.C. § 3585(b). Thus, to the extent the Petitioner seeks prior custody credit from that period, such request lacks legal merit.

## III.  CONCLUSION

Accordingly, based on the foregoing, it is **ORDERED** that the petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 2) is **DENIED** without an evidentiary hearing as moot and otherwise without merit and this case is **DISMISSED** with prejudice.

Final Judgment will be entered separately.

**DONE** and **ORDERED** on this the 24th day of June, 2026.

_____
BILL LEWIS
UNITED STATES DISTRICT JUDGE